**AMERICAN CIVIL LIBERTIES UNION OF NEVADA; et al.,**
**Plaintiffs—Appellants,**

v.

**NEVADA COMMISSION ON JUDICIAL DISCIPLINE,**
**Defendant—Appellee.**

No. 04–15765.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 16, 2005.

Decided Dec. 5, 2005.

Allen Lichtenstein, Esq., Las Vegas, NV, for Plaintiffs–Appellants.

David F. Sarnowski, Esq., Nevada Commission on Judicial Discipline, Carson City, NV, for Defendant–Appellee.

Before: GOODWIN, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM *

*Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), established that the Eleventh Amendment does not preclude suits for injunctive relief against state officers violating federal law. The *Ex parte Young* exception "is based in part on the premise that sovereign immunity bars relief against States and their officers in both state and federal courts, and that certain suits for declaratory or injunctive relief *against state officers* must therefore be permitted if the Constitution is to re-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

main the supreme law of the land." *Alden v. Maine,* 527 U.S. 706, 747, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999) (emphasis added).

The plaintiffs-appellants have brought suit against the Nevada Commission on Judicial Discipline, but have not named the individual commission members in their complaint. *Ex parte Young,* however, only provides an exception to Eleventh Amendment immunity when suit is brought against the officers themselves, rather than against the state or its agencies. *See Young,* 209 U.S. at 152, 28 S.Ct. 441 (noting that courts may "restrain a *state officer* from executing an unconstitutional statute of the state" (emphasis added)); *see also Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (noting that "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment" (citations omitted)); *Mitchell v. L.A. Comm. Coll. Dist.,* 861 F.2d 198, 201 (9th Cir.1988). The Eleventh Amendment therefore bars suit and the district court lacked jurisdiction to consider the case. We therefore reverse and remand to the district court with instructions to dismiss for lack of jurisdiction.

REVERSED and REMANDED with instructions to dismiss for lack of jurisdiction.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.